UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEAN E. TIME,   CASE NO:

    Plaintiff,

vs.   **JURY TRIAL DEMANDED**

CHEP SERVICES, LLC,

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, JEAN E. TIME, through his undersigned attorney, and files this Complaint against Defendant CHEP SERVICES, LLC, and states:

### JURISDICTION AND VENUE

1. This is an action arising under Title VII, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to these federal laws.

2. The Plaintiff JEAN E. TIME is and was a resident of Duval County, Florida at the time the dispute arose and is *sui juris*.

3. The Defendant CHEP SERVICES, LLC, is a Delaware Limited Liability Corporation that is registered to do business in Florida, and that regularly transacts business in Duval County, Florida.

4. Venue is proper in this Court because Plaintiff was a resident of Duval County, Florida, at the time the dispute arose, the Defendant does business in Duval County, Florida, and the events giving rise to this case occurred within Duval County, Florida.

5.  Plaintiff began working for Defendant as a pallet repairman in Defendant's Jacksonville plant on March 16, 2017. In December of 2018, Plaintiff was promoted to Team Lead until October 1, 2019, when Defendant terminated Plaintiff's employment.

6.  The acts and/or omissions giving rise to this Complaint arose in Duval County, Florida.

## COUNT I. DISCRIMINATION BASED ON NATIONAL ORIGIN UNDER TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. §2000e

7.  Plaintiff re-alleges the factual and jurisdictional statements in paragraphs 1 through 6 as though fully set forth herein.

8.  Plaintiff's country of origin is Haiti.

9.  Plaintiff was qualified for his job as Team Lead with Defendant.

10. On or about April 5, 2019, Plaintiff's supervisor, Robert Stringer, started frequently harassing Plaintiff because Plaintiff is from Haiti. For example, Stringer called Plaintiff a "fucking black Haitian" in a very derogatory tone in the presence of Plaintiff's co-workers. Stringer did this on multiple occasions.

11. With the help of the plant assistant Manager, Wallace Santos, Plaintiff filed a complaint about Stringer's conduct with Defendant's human resources department. Santos apologized for Stringer's racist remarks and told Plaintiff that Stringer would no longer be a supervisor.

12. Approximately two weeks later, Stringer was demoted.

13. In or around June of 2019, Marland Howard became a supervisor for Defendant.

14. Howard was friends with Stringer, and Howard began routinely harassing Plaintiff in retaliation for Plaintiff's complaint to human resources against Stringer.

15. On September 24, 2019, Stringer approached Plaintiff and said, "Hey, stupid Haitian. This is your last day with the company. Marland needs you in the office."

16. When Plaintiff arrived at Howard's office, he found quality lead Maru Soberanis, Stringer, and Howard. Howard informed Plaintiff that Soberanis and Stringer were not comfortable around him, and he told Plaintiff to go home. Plaintiff was then terminated.

17. On May 18, 2020, less than 300 days after Plaintiff's termination, Plaintiff filed a Charge of Discrimination with the EEOC alleging national origin hostile work environment by his employer and termination because of his national origin.

18. On January 21, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue.

19. Plaintiff is filing this Complaint less than 90 days after receiving the Notice of Right to Sue from the EEOC. Thus, Plaintiff has complied with all pre-suit administrative requirements.

20. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

21. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

## COUNT II. HOSTILE WORK ENVIRONMENT DISCRIMINATION BASED ON RACE UNDER 42 U.S.C. §2000e

22. Plaintiff re-alleges the factual and jurisdictional statements in paragraphs 1 through 6 as though fully set forth herein.

23. Plaintiff is a black man.

24. Plaintiff was qualified for his job as Team Lead with Defendant.

25. On or about April 5, 2019, Plaintiff's supervisor, Robert Stringer, started frequently harassing Plaintiff because Plaintiff is a black man. For example, Stringer called Plaintiff a "fucking black Haitian" in a very derogatory tone in the presence of Plaintiff's co-workers. Stringer did this on multiple occasions.

26. With the help of the plant assistant Manager, Wallace Santos, Plaintiff filed a complaint about Stringer's conduct with Defendant's human resources department. Santos apologized for Stringer's racist remarks and told Plaintiff that Stringer would no longer be a supervisor.

27. Approximately two weeks later, Stringer was demoted.

28. In or around June of 2019, Marland Howard became a supervisor for Defendant.

29. Howard was friends with Stringer, and Howard began routinely harassing Plaintiff in retaliation for Plaintiff's complaint to human resources against Stringer.

30. On September 24, 2019, Stringer approached Plaintiff and said, "Hey, stupid Haitian. This is your last day with the company. Marland needs you in the office."

31. When Plaintiff arrived at Howard's office, he found quality lead Maru Soberanis, Stringer, and Howard. Howard informed Plaintiff that Soberanis and Stringer were not comfortable around him, and he told Plaintiff to go home. Plaintiff was then terminated.

32. On May 18, 2020, less than 300 days after Plaintiff's termination, Plaintiff filed a Charge of Discrimination with the EEOC alleging a racially hostile work environment by his employer and termination because of his national origin.

33. On January 21, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue.

34. Plaintiff is filing this Complaint less than 90 days after receiving the Notice of Right to Sue from the EEOC. Thus, Plaintiff has complied with all pre-suit administrative requirements.

35. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

36. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

### COUNT III: HOSTILE WORK ENVIRONMENT DISCRIMINATION BASED ON RACE/NATIONAL ORIGIN UNDER 42 U.S.C. §1981

37. Plaintiff re-alleges the factual and jurisdictional statements in paragraphs 1 through 19 as though fully set forth herein.

38. Title 42 U.S.C. §1981, *inter alia*, protects at-will employees from employment discrimination on the basis of race because at-will employment in Florida is a form of contract. *Knight v. Palm City Millwork & Supply Co.*, 78 F. Supp. 2d 1345, 1346-48 (S.D. Fla. 1999);

5

*Wilson v. Boca W. Master Ass'n*, 2019 U.S. Dist. LEXIS 44010 (S.D. Fla. 2019). Defendant offered to pay Plaintiff for his work, and Plaintiff accepted that offer by performing the work. Thus, the parties entered into a contractual arrangement covered by 42 U.S.C. §1981.

39. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

40. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §1981, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

### COUNT IV. RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. §2000e

41. Plaintiff re-alleges the factual and jurisdictional statements in paragraphs 1 through 6 as though fully set forth herein.

42. Plaintiff complained to Defendant's human resources department that he was being discriminated against and that he was being subjected to a hostile work environment based on his race/national origin.

43. After, and as a result of, complaining about this discriminatory treatment, Plaintiff was terminated in retaliation for complaining about the national origin harassment by Plaintiff's former supervisor, Stringer.

44. When Plaintiff was terminated, he was told by Defendant's representative, Howard, that the individual about whom Plaintiff had complained, Stringer, was not comfortable working with him, which is why he was being terminated.

45. Because of Plaintiff's complaints of race/national origin discrimination, he was subjected to discrimination (described above) and was eventually terminated from his employment.

46. On May 18, 2020, less than 300 days after Plaintiff's termination, Plaintiff filed a Charge of Discrimination with the EEOC alleging that he was terminated in retaliation for his complaint to Defendant about his national origin hostile work environment.

47. On January 21, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue.

48. Plaintiff is filing this Complaint less than 90 days after receiving the Notice of Right to Sue from the EEOC. Thus, Plaintiff has complied with all pre-suit administrative requirements.

49. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

50. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

## COUNT V. RETALIATION UNDER 42 U.S.C. § 1981

51. Plaintiff re-alleges the factual and jurisdictional statements in paragraphs 1 through 6 and paragraphs 42 through 44 as though fully set forth herein.

52. Title 42 U.S.C. §1981, *inter alia*, protects at-will employees from employment discrimination on the basis of race because at-will employment in Florida is a form of contract. *Knight v. Palm City Millwork & Supply Co.*, 78 F. Supp. 2d 1345, 1346-48 (S.D. Fla. 1999); *Wilson v. Boca W. Master Ass'n*, 2019 U.S. Dist. LEXIS 44010 (S.D. Fla. 2019). Defendant offered to pay Plaintiff for his work, and Plaintiff accepted that offer by performing the work. Thus, the parties entered into a contractual arrangement covered by 42 U.S.C. §1981.

53. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

54. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §1981, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

## PRAYER FOR RELIEF

55. WHEREFORE, Plaintiff requests damages, exemplary damages, and reasonable attorney's fees from Defendant pursuant to Title VII, 42 U.S.C. §2000e, and 42 U.S.C. §1981.

## JURY TRIAL DEMANDED

56. The Plaintiff demands a trial by jury.

Respectfully submitted this 20th day of April, 2021,

        COANE AND ASSOCIATES, PLLC

        By: */s/ Lisa Kuhlman*
        **Lisa Kuhlman**
        Florida Bar No. 978027
        Email: lisa.kuhlman@coane.com
        **Arthur Mandel**
        Florida Bar No. 22753
        Email: Arthur.mandel@coane.com
        1250 E. Hallandale Beach Blvd., Suite 303
        Phone: (305) 538-6800
        Fax: (866) 647-8296
        ***ATTORNEYS FOR PLAINTIFF***

**OF COUNSEL:**

**Coane and Associates, PLLC**

**Bruce A. Coane**
bruce.coane@gmail.com
S.D. Tex. #7205
5177 Richmond Ave., Suite 770
Houston, TX 77056
Phone: (713) 850-0066
Fax: (866) 647-8296
***OF COUNSEL FOR PLAINTIFF***